UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL FRENCH, ) | |
| ) | |
| Petitioner, ) | |
| vs. ) | No. 1:16-cv-0275-TWP-TAB |
| ) | |
| SUPERINTENDENT, Putnamville ) | |
| Correctional Facility, ) | |
| ) | |
| Respondent. ) | |

**Entry Denying Petition for Writ of Habeas
Corpus and Denying Certificate of Appealability**

For the reasons explained in this Entry, the petition of Michael French for a writ of habeas corpus is be denied. In addition, the Court finds that a certificate of appealability should not issue.

**I. The Petition for Writ of Habeas Corpus**

**A. Background**

Mr. French is an Indiana inmate who seeks a writ of habeas corpus. His claim is that the Indiana Department of Correction did not properly calculate his credit time. Specifically, Mr. French claims that he was deprived of all of his educational credit time when his parole was revoked and he was returned to prison. The respondent's arguments in opposition to the petition for writ of habeas corpus remain are that (1) the petitioner committed procedural default by not appealling a decision of the Fayette Circuit Court, (2) the petitioner's habeas claim is not cognizable under 28 U.S.C. § 2254, and (3) the petitioner's claim, even if cognizable, lacks merit.

**B. Applicable Law**

"[W]hen examining a habeas corpus petition, the first duty of a district court . . . is to examine the procedural status of the cause of action." *United States ex rel. Simmons v. Gramley,*

915 F.2d 1128, 1132 (7th Cir. 1990). That examination should entail two inquiries: "whether the petitioner exhausted all available state remedies and whether the petitioner raised all his claims during the course of the state proceedings." *Henderson v. Thieret,* 859 F.2d 492, 496 (7th Cir. 1988), *cert. denied,* 109 S. Ct. 1648 (1989). "It is the rule in this country that assertions of error in criminal proceedings must first be raised in state court in order to form the basis for relief in habeas. Claims not so raised are considered defaulted." *Breard v. Greene,* 523 U.S. 371, 375 (1998) (citing *Wainwright v. Sykes,* 433 U.S. 72 (1977)). "[I]t would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation[.]" *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). Accordingly, "federal courts will not review a habeas petition unless the prisoner has fairly presented his claims 'throughout at least one complete round of state-court review, whether on direct appeal of his conviction or in post-conviction proceedings.'" *Johnson v. Foster,* 786 F.3d 501, 504 (7th Cir. 2015)(quoting *Richardson v. Lemke,* 745 F.3d 258, 268 (7th Cir. 2014), and citing 28 U.S.C. § 2254(b)(1)). "[T]he burden is on the petitioner to raise his federal claim in the state court at a time when state procedural law permits its consideration on the merits. . . ." *Bell v. Cone,* 543 U.S. 447, 451 n.3 (2005). Thus, "[a] federal claim that was not raised in the state courts is procedurally barred and must be dismissed." *Henderson v. Cohn*, 919 F.2d 1270, 1272 (7th Cir. 1990)(citing *United States ex rel. Simmons v. Gramley,* 915 F.2d 1128, 1132 (7th Cir. 1990)).

Insofar as pertinent here, procedural default "occurs when a claim could have been but was not presented to the state court and cannot, at the time that the federal court reviews the habeas petition, be presented to the state court." *Resnover v. Pearson*, 965 F.2d 1453, 1458 (7th Cir. 1992); *see also Hogan v. McBride,* 74 F.3d 144, 146 (7th Cir. 1996) ("Forfeiture under § 2254 is a

question of a state's internal law: failure to present a claim at the time, and in the way, required by the state is an independent state ground of decision, barring review in federal court.").

"A federal court may excuse a procedural default if the habeas petitioner establishes that (1) there was good cause for the default and consequent prejudice, or (2) a fundamental miscarriage of justice would result if the defaulted claim is not heard." *Johnson v. Foster*, 786 F.3d 501, 504 (7th Cir. 2015)(internal citations omitted). "Under this cause-and-prejudice test, a cause is defined as, 'an objective factor, external to the defense, that impeded the defendant's efforts to raise the claim in an earlier proceeding.' Prejudice means, 'an error which so infected the entire trial that the resulting conviction violates due process.'" *Smith v. McKee*, 598 F.3d 374, 382 (7th Cir. 2010) (internal citation omitted). The second exception, known as the fundamental miscarriage of justice exception, requires a petitioner to show that he is actually innocent. Actual innocence means factual innocence, not legal insufficiency. *Bousley v. United States,* 523 U.S. 614, 623 (1998).

### C. Discussion

The expanded record shows that Mr. French brought what has become his habeas claim in the Fayette Circuit Court and that relief in that action was denied on August 19, 2015. No appeal was filed from this disposition. It is therefore evident, as argued by the respondent, that Mr. French failed to present any of his habeas claims to the Indiana Supreme Court. This failure constitutes procedural default. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 848 (1999)("a prisoner who fails to present his claims in a petition for discretionary review to a state court of last resort" has not properly exhausted the claims for purposes of 28 U.S.C. § 2254(b)(1); the habeas petitioner's failure to present her "claims to the Illinois Supreme Court in a timely fashion has resulted in a procedural default of those claims"); *Hough v. Anderson,* 272 F.3d 878, 892-93 (7th Cir. 2001) (petitioner's failure to present issue to Indiana Supreme Court constituted procedural default). That

failure deprived the Indiana state courts of the opportunity to examine and evaluate the claim he has asserted in his petition for writ of habeas corpus. Mr. French's habeas claim, therefore, is barred from consideration here because of his unexcused procedural default and he has not attempted to show the presence of circumstances which would permit him to overcome the consequence of his procedural default.

### D. Conclusion

"[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes,* 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting) (internal citations omitted). In the present case, Mr. French has encountered the hurdle produced by the doctrine of procedural default. He has not shown the existence of circumstances permitting him to overcome this hurdle and hence is not entitled to the relief he seeks. His petition for a writ of habeas corpus is therefore denied without a decision being made as to the merits of his claim.

Judgment consistent with this Entry shall now issue.

### II. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2254 Proceedings*, and 28 U.S.C. § 2253(c), the court finds that Mr. French has failed to show that reasonable jurists would find it "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The court therefore denies a certificate of appealability.

SO ORDERED.

Date: 9/21/2016

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

MICHAEL FRENCH
961291
Putnamville Correctional Facility
1946 West US Hwy 40
Greencastle, IN 46135

Electronically Registered Counsel